**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **TODD STEVEN ADAMS, # N-63927,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-980-MJR** |
| | ) | |
| **ILLINOIS DEPT. of CORRECTIONS,** | ) | |
| **WEXFORD HEALTH SOURCES, INC.,** | ) | |
| **and DR. AFUWAPE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Vandalia Correctional Center ("Vandalia"),[1] has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  He claims that Defendants have been deliberately indifferent to his serious medical conditions.  This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Plaintiff suffers from severe pain throughout his body, particularly in his neck, back, face, right leg, both knees, and other joints, as a result of injuries he suffered in multiple vehicle accidents, a workplace accident, a stabbing, and a blow to the head (Doc. 1, pp. 7, 9).  Plaintiff has had reconstructive facial surgery, and has a rod implanted in his right leg.  He also suffers from herniated discs in his neck and torn meniscus in both knees.  He suffers terrible headaches "all the time," and his pain is "constant and consistent" (Doc. 1, p. 9).

Following his incarceration, a prison doctor (Dr. Caldwell) prescribed pain

---

[1] On October 5, 2015, Plaintiff submitted a temporary change of address notice, stating that he was being transferred to Stateville Correctional Center, but should be returned to Vandalia by the end of October 2015 (Doc. 6).

medication (ultram/tramadol)[2] for Plaintiff, and he took that medication for over six months while at Vandalia.  However, on August 3, 2015, Defendant Doctor Afuwape refused to issue this pain medication to Plaintiff any longer.  As a result, Plaintiff has nothing to relieve his pain.  The only alternative offered to him, Ibuprofen, is not effective.  Furthermore, he has been suffering withdrawal symptoms due to the loss of the previously-prescribed medication (Doc. 1, p. 8).  Defendant Afuwape told Plaintiff that he could not give out the ultram/tramadol because "Springfield" would not allow it.  *Id.*  Plaintiff further notes that he was approved for a referral to a neurologist on December 24, 2014, but the appointment was never made for him to have this consultation (Doc. 1, p. 11; Doc. 1-1, p. 30).

Plaintiff also needs an inhaler for breathing issues.  He had been prescribed Albuterol before his incarceration, and at the Cook County Jail.  However, Defendant Afuwape (as well as Dr. Caldwell) changed his inhaler to Xopenex, which causes side effects for Plaintiff including "headrush," heart palpitations, increased pain, and trouble breathing (Doc. 1, p. 10).  Plaintiff requested to be changed back to Albuterol, but this never happened.  He finally quit using the Xopenex because of the side effects.

In addition, Plaintiff has made multiple requests for a hearing aid, but has not received one (Doc. 1, p. 7).

Plaintiff complains in general that health care at Vandalia is substandard, and his many grievances regarding this issue have been lost or rejected as duplicates.  As relief, he seeks "adequate, effective, [and] meaningful pain management," and compensatory damages (Doc. 1, p. 12).

---

[2] Plaintiff notes that according to his pre-incarceration medical records, he was not supposed to take ultram/tramadol, but this medication was the only type of pain relief offered to him by the prison doctor (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Afuwape for deliberate indifference to his medical needs. However, the complaint fails to state a claim upon which relief may be granted against the named institutional Defendants (Illinois Department of Corrections and Wexford Health Sources, Inc.), and they shall be dismissed from the action without prejudice.

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth

Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

"[T]he existence of chronic and substantial pain," such as Plaintiff describes, is an objectively serious medical condition. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). According to the complaint, Defendant Afuwape has deprived Plaintiff of a medication that gave him some measure of pain relief. Further, he has failed to provide Plaintiff with an effective substitute, despite Plaintiff's complaints that he is suffering significant pain. At this stage of the litigation, Plaintiff's deliberate indifference claim against Defendant Afuwape in reference to his need for effective pain relief merits further review.

Similarly, Defendant Afuwape's refusal to provide Plaintiff with an inhaler that does not cause serious side effects, and his failure to provide a hearing aid, may support a deliberate indifference claim. The complaint indicates that Plaintiff's hearing loss and breathing impairment are serious medical conditions. Further factual development will be necessary in order to determine whether any constitutional violation has occurred, therefore, Plaintiff may also proceed with these two aspects of his claim against Defendant Afuwape.

However, the complaint fails to mention the institutional Defendants at all (other than listing them among the parties). There are no factual allegations to indicate that either Wexford Health Sources ("Wexford") or the Illinois Department of Corrections ("IDOC") has been deliberately indifferent to Plaintiff's medical conditions. Plaintiff makes a single, vague reference that "Springfield" would not allow Defendant Afuwape to renew Plaintiff's prescription for Ultram/Tramadol. However, this is not enough to state a claim against either Defendant Wexford or Defendant IDOC. Similarly, Plaintiff's general allegations of

substandard health care at Vandalia are insufficient to state a constitutional claim against either of these Defendants.

A corporation such as Defendant Wexford can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). It may be that Defendant Wexford promulgated a rule or policy that limited Defendant Afuwape's treatment options for Plaintiff, but the complaint does not give enough information to support such a claim. Defendant Wexford shall be dismissed from the action, but without prejudice to Plaintiff submitting an amended complaint if he wishes to re-plead a claim against Defendant Wexford.

As for Defendant IDOC, Plaintiff cannot sue a state government agency for money damages. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). A claim that seeks only injunctive relief against the IDOC may be proper, but again, the complaint does not indicate that Defendant Afuwape's failure to prescribe an effective pain relief medication was due to any institutional policy or rule handed down by the IDOC. Plaintiff is, of course, seeking injunctive relief in this action, and that claim shall proceed against Defendant Afuwape. However, at this stage, Defendant IDOC shall also be dismissed from the action without prejudice.

**Pending Motion**

        Plaintiff's motions for recruitment of counsel (Docs. 3 and 7) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

        Defendants **ILLINOIS DEPARTMENT of CORRECTIONS** and **WEXFORD HEALTH SOURCES, INC.,** are **DISMISSED** from this action without prejudice, as the complaint fails to state a claim against them upon which relief may be granted.

        The Clerk of Court shall prepare for Defendant **AFUWAPE**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

        If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

        Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by

the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to send a copy of this order to Plaintiff at his temporary Stateville address, as well as to the Vandalia address.

**IT IS SO ORDERED.**

**DATED: October 16, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court